IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS DIANE McCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:12cv98-WKW |
| | ) | |
| FELICIA COACH. | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case was filed in this court on November 22, 2011, when the plaintiff was incarcerated at the Julia Tutwiler Prison for Women, in Wetumpka, Alabama.  On July 10, 2012, the plaintiff notified the court of her release by filing a notice of change of address.  *See* Doc. # 30.

On January 6, 2015, the court set this matter for a status and scheduling conference by telephone on January 22, 2015.  (Doc. # 34).  The defendant was unable to contact the plaintiff at her last known telephone number, and the plaintiff did not contact the court at the appointed time and place.

On January 22, 2015, the court issued an order directing the plaintiff on or before February 4, 2015, to show cause why this case should not be dismissed for want of prosecution. (Doc. # 35).  The plaintiff was specifically cautioned that if she failed to respond as required by the order, the court would treat her failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned would recommend that this case be dismissed for such failure.  The plaintiff has filed nothing in

response to the orders of the court.  The court therefore concludes that this case is due to be dismissed for want of prosecution.

The court has reviewed the file in this case to determine whether less drastic  sanctions than dismissal are appropriate and finds that under the facts of this case dismissal is the proper sanction.  When the case was filed, the plaintiff was an indigent state inmate.  Moreover, the plaintiff has exhibited a lack of respect for this court and its authority as she has failed to respond to the orders entered in this case.  It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing.  Thus, the court finds that the imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual.  Consequently, the court concludes that the plaintiff's abandonment of her claims, her failure to comply with the orders of this court and her failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed for the plaintiff's abandonment of her claims, failure to prosecute this action and failure to comply with the orders of the court.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 23, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

2

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of February, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3